IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JENICA SWILLEY                                                                    PLAINTIFF

v.                                                         CAUSE NO. 1:15CV427-LG-RHW

PREMIER ENTERTAINMENT BILOXI, LLC
d/b/a HARD ROCK HOTEL & CASINO BILOXI                           DEFENDANT

### ORDER GRANTING MOTION TO DISMISS

BEFORE THE COURT is the [4] Motion to Dismiss filed by Defendant pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff has never responded to the Motion. Having reviewed the record in this action and the applicable law, the Court has determined that the claims filed by the Plaintiff, who is proceeding *pro se*, should be dismissed without prejudice for failure to serve the Defendant and for failure to prosecute.

Under Rule 4(m), if the plaintiff does not serve the defendant "within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." On December 29, 2015, the Plaintiff filed her Complaint and a Motion for Leave to Proceed *in forma pauperis*.

On January 26, 2016, Magistrate Judge Robert H. Walker entered an [3] Order Granting Motion to Proceed In Forma Pauperis. The Order included an Advisory Regarding Service of Process, which specifically informed the Plaintiff that Rule 4 "requires services of process within 90 days after the date of this order granting the Plaintiff leave to proceed IFP. A delay in service on the Defendant, which is attributable to the Plaintiff, beyond the 90 days could result in dismissal of this case."

(*Id.* at 2-3). The Defendant filed its Motion on April 1, 2015, before the 90-day period provided for in the Magistrate Judge's Order had passed.[1] However, the Motion, like the Magistrate Judge's Order, put the Plaintiff on notice that dismissal could result if she did not serve the Defendant in a timely manner.

More than 90 days have now expired since the Magistrate Judge's Order advising Plaintiff of the requirement of serving the Defendant. The record does not reflect that Plaintiff has even attempted – much less effected – service on the Defendant. As a result, the Court finds dismissal of this action appropriate under Rule 4(m).

Plaintiff filed this lawsuit; it is her responsibility to prosecute her claims, and she has not done so. Accordingly, the Court also finds dismissal appropriate under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See, e.g.*, *Fox v. Mississippi*, 551 F. App'x 772, 775 (5th Cir. 2014); *Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [4] Motion to Dismiss filed by Defendant is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 2nd day of May, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[1] Presumably, Defendant calculated 90 days from the filing of the Complaint at the end of December. Defendant represents that it "learned of this filing through the CN's Mississippi Reports." (Def. Mot. 1, ECF No. 4).